UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MBUYI MUKENDI AXEL**         **CASE NO. 6:20-CV-01221 SEC P**

**VERSUS**                     **JUDGE MICHAEL J. JUNEAU**

**CHAD WOLF**                  **MAGISTRATE JUDGE HANNA**

### REPORT AND RECOMMENDATION

Mbuyi Mukendi Axel, proceeding pro se and in forma pauperis, filed the instant petition for writ of habeas corpus (28 U.S.C. § 2241) on September 16, 2020. Rec. Doc. 1. Following an initial review, plaintiff was ordered to amend his petition on November 3, 2020. Rec. Doc. 3. That order was mailed to plaintiff at the Pine Prairie ICE Processing Center.

On December 14, 2020, counsel enrolled for Petitioner and filed a Motion to Amend and Motion for Extension of Time to Amend (rec. docs. 8, 9), which were granted on December 17, 2020 (rec. docs. 10, 11). On December 31, 2020, a second request for an extension was made (rec. doc. 13) and Petitioner was given until January 24, 2021 to file the amendment (rec. doc. 14).

To date, Petitioner has failed to comply with this Court's order to file an amendment to his petition.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Petitioner has failed to comply with an Order directing him to amend his petition. This failure on his part warrants dismissal.

Therefore,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within

fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana, March 2nd, 2021.

						         _____
						              Patrick J. Hanna
						         **United States Magistrate Judge**